UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Keith Sutton,

    Plaintiff,

    v.

Metropolitan Life Insurance Co., et al.,

    Defendants.

No. 2:22-cv-00732-KJM-CKD

ORDER

    In this ERISA-governed case, defendants Metropolitan Life Insurance Company and Scientific Games Corporation Employee Benefit Plan request the court to permit the Administrative Record to be filed under seal. Req., ECF No. 24. For the reasons below, the court **denies** the request.

**I.    LEGAL STANDARD**

    "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). While the right is not absolute, *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), there is a strong presumption in favor of public access to court records. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Kamakana*, at 1179–80.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* at 1180. That is, the party requesting to seal "must articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh . . . the public interest in understanding the judicial process." *Id.* at 1178–79 (citation and internal marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause." *Id.* at 1180. To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result" if the request to seal is denied. *Phillips*, 307 F.3d at 1210–11. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." The court's own Standing Order, ECF No. 10-1, and its Standing Scheduling Order issued in this case, ECF No. 23, emphasize the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. While the court should not have to remind a party of its orders setting out essential ground rules of a case, or set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the unsubstantiated request to seal presented by defendants.

## II. ANALYSIS

Defendants seek to seal the entire Administrative Record and aver "[t]he majority of the documents in the Administrative Record contain personal and private information relating to Plaintiff, including numerous references to his personal data identifiers, such as his Social Security Number, date of birth and home address, as well as financial information." Req. at 2. Redaction may be appropriate based on privacy concerns. This district's Local Rules provide that, unless the court orders otherwise, a filing party shall omit or redact certain information from documents including, among other items, financial account numbers, social security numbers, date of birth, home address, and circumstances when federal law requires redaction. Local Rule 140(a); *see also* Fed. R. Civ. P. 5.2. Thus, defendants are required to redact the information covered by the rules from the administrative record before filing it. They do not need a court order to do so. That redaction of some information is required, however, does not support the extensive sealing defendants seek.

Defendants argue simply "it would be very burdensome and costly to redact the nearly 2,000 page[s]" because the administrative record contains a "substantial amount of private and personal information." Req. at 2. Defendants do not explain whether the compelling-reason or good cause standard should apply, nor do they cite any authority supporting their request to seal. On this record wholesale sealing is unsupported.

## III. CONCLUSION

Accordingly, the request to seal is **denied without prejudice**. Defendants may renew their request to seal in accordance with this order. Alternatively, defendants may file the administrative record on the docket with redactions in compliance with the Local Rules and the Federal Rules of Civil Procedure.

This order resolves ECF No. 24.

IT IS SO ORDERED.

DATED: February 23, 2023.

CHIEF UNITED STATES DISTRICT JUDGE